UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NAGAMOOTOO BUDHOO,

Petitioner,

-v-

MICHAEL BALL, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*, et al.*,*

Respondents.

---

26-cv-00814-JON
DECISION & ORDER

Pending before the Court[1] is a petition for a writ of habeas corpus filed by Nagamootoo Budhoo on April 22, 2026.[2] The Petition was filed pursuant to 28 U.S.C. § 2241.

The Petitioner is a citizen of Guyana, who entered the United States pursuant to a visa on November 18, 2002. He overstayed his visa and was detained in March 2026 (all subsequent dates are in 2026). He was given a bond hearing on April 16 at which bond was denied. At a second bond hearing, bond was again denied. The Petitioner is currently confined at the Buffalo Federal Detention Facility.

The petition seeks a writ of habeas corpus "requiring that Respondents release Petitioner immediately and not re-detain Petitioner without a pre-deprivation hearing at

---

[1] This case was reassigned to me, sitting by designation, on May 20, 2026. Dkt. Entry following Dkt. No. 5.

[2] Counsel for the Petitioner has styled the petition as "AMENDED VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS, but the docket identifies the filing as "PETITION FOR Writ of Habeas Corpus." Dkt. No. 1. The labeling, whether correct on the docket or on the petition has no bearing on the Court's disposition.

which the [G]overnment bears the burden to demonstrate, by clear and convincing evidence, that the petitioner is a danger to the community or a flight risk." Petition at 9. He contends that his confinement without such a hearing is a violation of the Due Process Clause of the Fifth Amendment

"Individuals subject to *prolonged* detention under [8 U.S.C.] § 1226(a) must be afforded process in addition to that provided by the ordinary bail hearing." *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020) (emphasis added). "[T]he inverse [of the *Velasco Lopez* case] is also true: namely that it may not be a violation of due process for an alien to bear the burden of proof at a hearing that takes place shortly after their initial detention . . . and where a petition is filed after a relatively brief period." *Mahmodi v. Marich*, No. 25-CV-6762-MAV, 2026 WL 113473, at *9 (W.D.N.Y. Jan. 15, 2026) (internal quotation marks omitted) (second set of brackets in original).

In the pending case, Petitioner's period of detention has been approximately one month, measured by the date of the habeas corpus petition, and approximately three months, measured by the date of this Order. These intervals are not long enough to require a bond hearing at which the Government bears the burden of proof.

Petitioner's other claims for relief have not been pursued in his petition and need not be considered.

The petition for a writ of habeas corpus is denied.

SO ORDERED.

Hon. Jon O. Newman
Senior Circuit Judge of the U.S. Court of Appeals
for the Second Circuit, sitting by designation

DATED: June 1, 2026

Buffalo, NY